UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL DIAZ CASIQUE, | No. C 11-3449 SI (pr) |
|     Petitioner, | **ORDER ON INITIAL REVIEW** |
|     v. | |
| GREG LEWIS, warden, | |
|     Respondent. | |

**INTRODUCTION**

Rafael Diaz Casique, an inmate at Pelican Bay State Prison, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

Casique's petition discloses the following: Casique was convicted in the Alameda County Superior Court of first degree murder. Sentence enhancement allegations were found true for personal use of a handgun and infliction of great bodily injury on the victim. He was sentenced on April 14, 2006 to a prison term of 50 years to life. He appealed. His conviction was affirmed by the California Court of Appeal in 2008 and his petition for review was denied by the California Supreme Court in 2009. He states that he filed a petition for writ of habeas corpus in the California Supreme Court that was denied on July 13, 2011.

Casique then filed this action, seeking a writ of habeas corpus. The proof of service attached to the petition states that his state court attorney mailed the petition to the California

1 Attorney General on July 13, 2011. The petition was stamped "filed" at this court on July 13, 2 2011. The prisoner mailbox rule does not apply to this case because there is no evidence that 3 Casique gave the petition to prison officials to mail to the court – his attorney did the filing.

## DISCUSSION

6 This court may entertain a petition for writ of habeas corpus "in behalf of a person in 7 custody pursuant to the judgment of a State court only on the ground that he is in custody in 8 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose* 9 *v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order 10 directing the respondent to show cause why the writ should not be granted, unless it appears 11 from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 12 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District 13 Courts, a district court may also order the respondent to file another pleading where neither 14 summary dismissal nor service is appropriate.

15 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became 16 law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ 17 of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital 18 state convictions or sentences must be filed within one year of the latest of the date on which: 19 (1) the judgment became final after the conclusion of direct review or the time passed for 20 seeking direct review; (2) an impediment to filing an application created by unconstitutional 21 state action was removed, if such action prevented petitioner from filing; (3) the constitutional 22 right asserted was recognized by the Supreme Court, if the right was newly recognized by the 23 Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate 24 of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. 25 § 2244(d)(1). Time during which a properly filed application for state post-conviction or other 26 collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

27 The petition in this action was filed more than a year after petitioner's conviction became

final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent must file with the court and serve upon petitioner, on or before **October 28, 2011**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **December 2, 2011**.

4. Respondent may file and serve a reply on or before **December 16, 2011**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

IT IS SO ORDERED.

DATED: September 7, 2011

_____
SUSAN ILLSTON
United States District Judge