UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL DIAZ CASIQUE,

    Petitioner,

  v.

GREG LEWIS, warden,

    Respondent.

                                     /

No. C 11-3449 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Rafael Diaz Casique, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon initial review, the court noted the possible untimeliness of the petition and invited respondent to move to dismiss or to notify the court that such a motion appeared unwarranted. Respondent then filed a response stating that the petition was not untimely and a motion to dismiss was unwarranted. It is time to move forward with consideration of the petition. The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Casique was convicted in the Alameda County Superior Court of first degree murder. Sentence enhancement allegations were found true for personal use of a handgun and infliction of great bodily injury on the victim. He was sentenced on April 14, 2006 to a prison term of 50 years to life. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. Casique also filed several unsuccessful state habeas petitions. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following eleven claims: (1) the admission of extrajudicial hearsay statements made by the victim before death violated petitioner's right to confront witnesses; (2) an unlawful search and seizure occurred; (3) the trial court "erroneously admitted irrelevant & prejudicial extensive testimony from Sheriff's gang investigator," Docket # 1, p. 6, in violation of petitioner's right to due process;[1] (4) the admission of Audra Silva's prejudicial hearsay statements violated petitioner's right to due process; (5) the admission of the photo of petitioner in prison garb violated his right to due process; (6) the admission of evidence of petitioner's possession of a handgun unrelated to the charged offense violated his right to due process; (7) the admission of prior statements of the prosecution's witnesses as prior consistent statement violated his right to due process; (8) "prosecution witnesses Silva, Adams, Castillo and Navarro were drug users who were not scrutinized by the jury as the court refused to give the pinpoint theory of the case instructions requested by the defense," Docket # 1, p. 7; (9) petitioner was deprived of the effective assistance of counsel by counsel's failure to call Tammy Gonzalez as a witness; (10) petitioner was deprived of the effective assistance of counsel by counsel's

---

[1] Although the federal petition does not identify it as a due process claim, Claim Three is liberally construed to be a claim for a due process violation because that is the federal constitutional basis for the claim in Casique's petition for review to the California Supreme Court.

failure to present evidence that the Joker paraphernalia consisted of family knick-knacks unrelated to any drug symbols or gang affiliation; and (11) petitioner was "deprived of due process and a fair trial by the prejudicial effect of the security arrangements on the jury's view of petitioner in violation of the trial court's protective order." Docket # 1, p. 8. Liberally construed, claims 1, 3-7, and 9-11 are cognizable and warrant a response.

Claim 2 does not identify the federal constitutional provision on which it is based, but the allegation of an unlawful search and seizure would be a Fourth Amendment claim if it was any federal claim. Federal habeas review of Fourth Amendment claims is not available unless the state did not provide an opportunity for full and fair litigation of those claims. *See Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976). Even if the state court's determination of the Fourth Amendment issues is improper, it will not be remedied in a federal habeas corpus action as long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). The Fourth Amendment claim is barred by *Stone v. Powell* and therefore dismissed without leave to amend.

Claim 8 is dismissed as it does not allege the violation of petitioner's rights under the Constitution, laws or treaties of the United States. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original). Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011).

In his petition, petitioner requests that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the

discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons,

1. Claims 1, 3-7, and 9-11, liberally construed, are cognizable in a federal habeas action and warrant a response. Claim 2 and Claim 8 are dismissed.

2. Respondent must file and serve upon petitioner, on or before **June 29, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 3, 2012**.

4. Petitioner is responsible for prosecuting this case. He must promptly inform the court and opposing counsel of any change of address and must comply with the court's orders in a timely fashion.

5. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: April 5, 2012

                                                SUSAN ILLSTON
                                               United States District Judge