UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAFAEL DIAZ CASIQUE, | No. C 11-3449 SI (PR) |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| GREG LEWIS, | |
| Respondent. / | |

In this noncapital habeas action, the Court denied the petition and entered judgment for respondent on January 10, 2013. (Doc. No. 11). Pursuant to Fed. R. Civ. P. 59(a), petitioner moves for a new trial and rehearing of his claim of ineffective assistance of counsel. The Court shall construe petitioner's request as a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).

In the claim at issue, petitioner alleges that trial counsel provided ineffective assistance by failing to call eyewitness Tammy Gonzalez, "who saw the perpetrators at the time of the murder, neither of whom was petitioner." Pet. at 6a. The Court denied this claim on the grounds that petitioner failed to provide an affidavit outlining Gonzalez's contemplated testimony, rendering his claim speculative.

No. C 11-3449 SI (PR)

(Doc. No. 10 at 9.) Petitioner asserts that such an affidavit was in fact presented to the Supreme Court of California, and then lodged with this Court by respondent.

Assuming that affidavits relating to the content of Gonzalez's potential testimony are properly before this Court, petitioner's claim still fails. A failure to call a witness of debatable value does not give rise to ineffective assistance. *United States v. Foreman*, 323 F.3d 498, 504 (6th Cir. 2003). Gonzalez herself admitted that she was at the Paradise Trailer Park on the evening of the murder in order to purchase methamphetamine, and had been there a few days earlier for the same reason. Resp't's Ex. 2, p. 42 of Ex. H. She also had a boyfriend in prison. Trial counsel could have concluded that Gonzalez would have been too easily impeachable to be a credible witness. Furthermore, a significant component of the defense case consisted of expert testimony regarding the unreliability of eyewitness identification, particularly under the effects of methamphetamine. *People v. Casique*, No. A113636, 2009 WL 1508463 at * 7 (May 29, 2009). The jury could have used that evidence to discredit Gonzalez. Petitioner fails to overcome the presumption that under the circumstances, trial counsel's decision not to call Gonzalez as a witness was sound trial strategy. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Petitioner's claim of ineffective assistance does not warrant relief.

For the above-mentioned reasons, petitioner's motion is denied. Furthermore, a certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

**IT IS SO ORDERED**.

DATED: May 20, 2013

SUSAN ILLSTON
United States District Judge